knowledge that the goods so ordered had been sold to plaintiffs' customers and that by reason of defendant's failure to supply the same plaintiffs were required to purchase goods on the market at a price in excess of the contract price to supply their customers upon the orders taken.

2. SALES, § 376*—*rule as to when profits constitute measure of damages.* Though ordinarily, where a vendor fails to comply with his contract to sell and deliver certain goods at a fixed price, the measure of damages in an action by the vendee is the difference between the contract price and the value of the goods in the market at the time and place of delivery, yet where the vendor knows that the vendee has an existing contract for a resale at an advanced price, and that the purchase is to fulfil such contract, and the vendor agrees to supply the goods to enable the vendee to perform his contract, profits which would accrue to the vendee upon performing the contract of resale may properly be said to have entered into the contemplation of the parties in making the contract, and such profits constitute a proper measure of damages.

## Mary Metzger, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 18,924.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed May 20, 1914.

### Statement of the Case.

Action by Mary Metzger against Chicago Railways Company to recover damages for personal injuries sustained by plaintiff while alighting from one of defendant's cars at a street intersection. The declaration alleged that the defendant negligently managed said car so as to cause it to start forward by sudden jerks while she was in the act of alighting, thereby causing her to be thrown to the ground and injured. From a judgment in favor of plaintiff for $1,235, defendant appeals.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

WEYMOUTH KIRKLAND and ALFRED B. DAVIS, JR., for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

LYNN & BAUMER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

CARRIERS, § 476*—*when evidence insufficient to sustain a recovery for injury while alighting from street car.* In an action against a street railway company for personal injuries alleged to have resulted from a sudden starting of the car while plaintiff was in the act of alighting, a verdict for plaintiff *held* not sustained by the evidence, the preponderance of the evidence tending to show that plaintiff alighted from the car in safety and was injured while attempting to again board the car, while it was in motion, for the purpose of recovering a package she had dropped on the platform.

---

## Ida Senstock, Appellee, v. Royal Tailors, Appellant.

## Gen. No. 18,939.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed with finding of fact. Opinion filed May 20, 1914. Rehearing denied June 1, 1914. *Certiorari* denied by Supreme Court (making opinion final.)

## Statement of the Case.

Action by Ida Senstock against Royal Tailors, a corporation, to recover for personal injuries sustained by plaintiff who was employed by defendant as a forewoman in a building occupied by the defendant. The plaintiff was injured in attempting to open a door leading to the street. The door was one which closed automatically and consisted of a wooden frame six and one-half inches wide at the top and sides and four-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.